UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DASHON HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-00727 (UNA) |
| | ) |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is wanting).

A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Plaintiff alleges only that on March 8, 2023, the Internal Revenue Service (IRS) violated the tax code when it issued him "a tax return payment in the amount of $42." Complaint, ECF No. 1 at 4. He alleges no injury but seeks $1 million in damages. *Id*.

The United States, of which the IRS is a part, may be sued only upon consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of the United States' immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Plaintiff has not invoked a statute waiving the

government's immunity, which alone compels dismissal. Regardless, the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, waives the United States' immunity with respect to certain claims for money damages but explicitly immunizes the United States from "[a]ny claim arising in respect of the assessment or collection of any tax[.]" 28 U.S.C. § 2680(c). In addition, the Taxpayer Bill of Rights, 26 U.S.C. § 7433, provides a damages remedy against the United States, but only in situations "in which the IRS has taken an affirmative step to recover taxes owed to the government." *Ivy v. Comm'r of Internal Revenue Serv.*, 877 F.3d 1048, 1050 (D.C. Cir. 2017) (cleaned up). Here, the complaint fails to allege facts sufficient to invoke the waiver of sovereign immunity contained in § 2680(c) or to state a claim under § 7433 or any other statute.

The Court will, accordingly, dismiss the action for lack of jurisdiction and failure to state a claim.

A separate order will issue.

/s/
RANDOLPH D. MOSS
United States District Judge

Date: March 23, 2023